JOHN R. MOONEY (*Pro Hac Vice*)
pleff@mooneygreen.com
PETER J. LEFF (*Pro Hac Vice*)
pleff@mooneygreen.com
MATTHEW WATTS (*Pro Hac Vice*)
mwatts@mooneygreen.com
MOONEY, GREEN, SAINDON,
MURPHY & WELCH, P.C.
1920 L. Street N.W. Ste. 400
Washington, DC 20036
Telephone: (202) 783-0010
Facsimile: (202) 783-6088

DANA S. MARTINEZ (CA SBN 205453)
dmartinez@bushgottlieb.com
BUSH GOTTLIEB
A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FRANK V. LÍMA, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, and UNITED FIREFIGHTERS OF LOS ANGELES CITY, IAFF LOCAL 112,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY OF LOS ANGELES; THE LOS ANGELES FIRE DEPARTMENT; KRISTINA KEPNER, in her official capacity as Assistant Fire Chief; and ROY A. PAIGE, in his official capacity as Battalion Chief,<br><br>Defendants. | **Case No. 2:24-CV-06363**<br><br>**COMPLAINT**<br><br>**Complaint Filed: July 29, 2024**<br><br>**Jury Trial Demand** |

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

Case No.

COMPLAINT

# COMPLAINT FOR VIOLATION OF RIGHTS PROTECTED BY FEDERAL AND STATE LAW

Plaintiffs International Association of Fire Fighters General Secretary-Treasurer Frank V. Líma, the International Association of Fire Fighters, and the United Firefighters of Los Angeles City, IAFF Local 112 file this Complaint against Defendants City of Los Angeles; the Los Angeles Fire Department; Assistant Fire Chief Kristina Kepner, individually and in her capacity as an Assistant Fire Chief; and Roy A. Paige, individually and in his capacity as a Battalion Chief, seeking relief for the deprivation of their rights under the United States Constitution, the California Constitution, and the California Labor Code.

## PRELIMINARY STATEMENT

1. Captain Frank Líma is an active fire fighter with the Los Angeles Fire Department ("LAFD"). He is also the General Secretary-Treasurer ("GST") of the International Association of Fire Fighters ("IAFF"), which represents approximately 350,000 fire fighters and emergency medical and rescue service workers in North America, including approximately 3,600 fire fighters who protect and serve the citizens of the City of Los Angeles ("City") and are employed by the City. GST Líma is also a long-standing member and former President of the United Firefighters of Los Angeles, IAFF Local 112 ("UFLAC"), where he has served in a variety of positions including Lead Contract Negotiator, Executive Vice President and, for four years, President. In addition, GST Líma also formerly served as a District Vice-President of IAFF, an elected position on IAFF's International Executive Board.

2. Throughout the over 30 years of his service with the LAFD and as an official and President of UFLAC and an IAFF officer, GST Líma zealously advocated for fire fighters in the City and around the nation on a variety of matters of public concern. GST Líma is also an outspoken advocate for the rights of all workers and has openly supported

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

2
COMPLAINT

Case No.

the efforts of workers across the nation and, in particular, the City of Los Angeles to achieve better terms and conditions of employment through collective bargaining.

3. On June 22, 2023, GST Líma participated in a peaceful, permitted rally near the Los Angeles International Airport in support of hotel workers engaged in a labor dispute with their employers. Numerous religious leaders, community leaders, labor leaders, and political leaders from the Los Angeles area also participated in the rally. GST Líma, who was at all material times off-duty from the LAFD, attended the rally as a private citizen and as a union and community leader. He was among hundreds of people arrested at the rally, including legislators, labor leaders, and clergy. At no time has GST Líma been charged with a crime, indicted for an alleged crime, or convicted of a crime.

4. Almost one year later, on June 3, 2024, GST Líma received a written reprimand from Defendant City of Los Angeles (**Exhibit A**) for his off-duty activities at the peaceful protest, signed by Defendant LAFD Battalion Chief Roy A. Paige, relying exclusively on his off-duty arrest for the imposition of discipline. The discipline was issued by Defendant Battalion Chief Paige from the Defendant LAFD's Professional Standards Division. Upon information and belief, Defendant LAFD's Professional Standards Division is under the supervision and direction of Assistant Fire Chief Kristina Kepner.

5. By imposing discipline on GST Líma pursuant to their policies and procedures, Defendants violated his rights under federal and state law, including his First Amendment rights. The Supreme Court has held that the First Amendment protects the speech of public employees if they speak as citizens on a matter of public concern. The California Constitution offers similar protections. Meanwhile, California labor law prevents an arrest without a conviction from being considered for disciplinary purposes and protects fire fighters' right to engage in political activity.

6. By imposing discipline on GST Líma pursuant to their policies and procedures, Defendants also violated the rights of IAFF members in the United States and UFLAC members in Los Angeles under the First Amendment of the United States

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

Constitution and the California Constitution as it chills their interest in participating in protected speech and associational conduct.

7.     Plaintiffs seek injunctive relief and a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2022, 42 U.S.C. §§ 1983 and 1988, and California law. Plaintiffs are pursuing compensatory damages, attorneys' fees and costs, and all other relief available under 42 U.S.C. §§ 1983 and 1988.

## THE PARTIES

8.     Plaintiff GST Líma is an adult individual who resides in Ventura County, California. GST Líma is a "citizen of the United States" as defined by 42 U.S.C. § 1983. GST Líma is a fire fighter employed by Defendant LAFD, a public fire department. He has served and protected the citizens of the City of Los Angeles throughout his employment with the LAFD for approximately thirty-two years, including around twenty-three years as a Captain. Now a Captain II, he is the LAFD's most senior Captain and one of the most senior members of the bargaining unit represented by UFLAC. GST Líma is also a member of IAFF and the duly elected IAFF General Secretary-Treasurer, having been elected to that position by the international delegates to the IAFF International Convention in 2021. GST Líma is a member of UFLAC and served in various official positions at UFLAC for twelve years including his service as the duly elected President of UFLAC for the four years prior to his service to the International Union. As a union officer and member of UFLAC, GST Líma has been outspoken about issues affecting his fellow fire fighters and union members in the City of Los Angeles as well as across the United States and Canada. He has served for more than twelve years as an elected Executive Board vice president of the Los Angeles County Federation of Labor, AFL-CIO, one of the largest and most diverse county labor councils in America representing over 800,000 workers. GST Líma continues to be active on the California State Board of Fire Services, a Board that he was appointed to by both Governor Brown and Governor Newsom.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

4
COMPLAINT

Case No.

9.    Plaintiff IAFF is a labor organization headquartered at 1750 New York Avenue NW, Washington, DC, and a "citizen of the United States" as defined by 42 U.S.C. § 1983. IAFF represents approximately 350,000 professional fire fighters, paramedics, and other emergency responders in the United States and Canada. IAFF has members in more than 3,500 IAFF local affiliates that protect citizens' lives and property in nearly 6,000 communities in every state in the United States and province in Canada.

10.    Plaintiff UFLAC is a labor organization headquartered at 1571 Beverly Boulevard, Los Angeles, California, and a "citizen of the United States" as defined by 42 U.S.C. § 1983. UFLAC represents approximately 3,600 fire fighters and emergency medical personnel protecting the citizens and residents of the City of Los Angeles.

11.    Defendant City of Los Angeles is a "person" within the meaning of 42 U.S.C. § 1983. Defendant City employs GST Líma and around 3,600 UFLAC members.

12.    Defendant Los Angeles Fire Department is a "person" within the meaning of 42 U.S.C. § 1983. It provides fire fighting services as well as technical rescue services, hazardous materials services and emergency medical services to the citizens of the City of Los Angeles. Defendant LAFD employs GST Líma and around 3,600 UFLAC members.

13.    Defendant Kristina Kepner is a LAFD Assistant Fire Chief and a final policymaker in charge of the LAFD Professional Standards Division, which issues discipline to fire personnel in accordance with LAFD policy.

14.    At all times relevant, Defendant Kepner acted under color of state law and is a "person" within the meaning of 42 U.S.C. § 1983, subject to liability for violations of the First and Fourteenth Amendments to the United States Constitution.

15.    Defendant Roy A. Paige is a LAFD Battalion Chief serving in the Professional Standards Division and authorized to impose disciplinary action against fire fighters, including GST Líma.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

16.    At all times relevant, Defendant Paige acted under color of state law and is a "person" within the meaning of 42 U.S.C. § 1983, subject to liability for violations of the First and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

17.    This is a civil action brought under 42 U.S.C. § 1983 for declaratory and injunctive relief, damages, and attorneys' fees and costs to redress Defendants' unlawful deprivation of Plaintiffs' rights and privileges secured by the First and Fourteenth Amendments of the U.S. Constitution, and under the California Constitution and the California Labor Code for declaratory and injunctive relief.

18.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that Plaintiffs' claims arise under the laws of the United States and they seek redress for violations of federal laws. The Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367, because such claims are so closely related to Plaintiffs' federal claims that they form part of the same case or controversy. The Court has jurisdiction to award the requested costs and attorneys' fees under 42 U.S.C. § 1988, and to issue a declaratory judgment and other just and appropriate relief pursuant to 28 U.S.C. §§ 2201-02 and California law.

19.    Venue is proper in this district pursuant to 28 U.S.C. § 1391, as Defendants City and LAFD are located within the Central District of California and a substantial part of the events and omissions giving rise to this action occurred within the Central District of California.

## STATEMENT OF FACTS

20.    GST Líma is a Captain II with the LAFD who has served as a LAFD fire fighter for over 32 years. Líma started his service as a front-line fire fighter at the age of nineteen and promoted through the ranks until he attained the rank of Captain II. He is the LAFD's most senior Captain II and one of the most senior members of the bargaining unit

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

6

represented by UFLAC. He was selected for the LAFD's highly specialized FEMA Urban Search and Rescue team, and as a member of the that team, he was deployed to dangerous emergencies in Los Angeles and around the country, including Ground Zero in Manhattan following the terror attacks of September 11, 2001, and New Orleans following Hurricane Katrina in 2005.

21.    Although GST Líma has been on approved leave for IAFF union service since 2016, he is a current employee of the City of Los Angeles primarily assigned to the Fire Chief's office and San Pedro Fire Station 112. Notwithstanding his IAFF national duties, GST Líma works approximately forty-eight hours per month for the LAFD in his current position as a Captain II.  He also remains active in the field as a mentor to current fire fighters, training new generations of fire fighters in the use of fire fighting tools and equipment, providing guidance on standard operating procedures and fire ground survival procedures. GST Líma is a longtime advocate for fire fighters and a frequent IAFF, UFLAC and California Professional Firefighters ("CPF") media commentator. The CPF is the largest statewide organization dedicated to serving the needs of California's career fire fighters and the officially chartered state association for IAFF. He has commented on various issues related to public safety, including fire fighter staffing, pay, overtime, health care and mental health amid the burgeoning number of mass shootings and dangerous wildfires. *See, e.g.*, Amanda Morris, *Understaffed And Overworked: Firefighters Exhausted By Severe California Fires*, NPR, Nov. 25, 2018, https://www.npr.org/2018/11/25/668716885/understaffed-and-overworked-firefighters-exhausted-by-severe-california-fires (quoting GST Líma).

22.    GST Líma's advocacy on behalf of workers often involves interacting with a variety of unions in the Los Angeles area as well as unions throughout the State of California and across the United States and Canada. This often involves participating in the activities of the constituent organizations of the Los Angeles County Federation of Labor AFL-CIO, which collectively represent over 800,000 workers. These efforts have included leading marches in support of the United Teachers of Los Angeles in 2019 and the rally in support

of striking hotel workers in 2023. GST Líma has been publicly supportive and involved in numerous labor disputes involving other labor organizations in Southern California including the International Brotherhood of Teamsters, the United Food and Commercial Workers, the Screen Actors Guild-American Federation of Television and Radio Artists, the Writers Guild of America, International Alliance of Theatrical Stage Employees, the Bakery and Confectionery Workers International Union of America, and the Los Angeles/Orange County Building Trades.

23. On June 22, 2023, GST Líma participated in a peaceful, nonviolent permitted rally near the Los Angeles International Airport in support of striking hotel workers as a private citizen, a community activist, and a national and local union leader.

24. The rally was organized by UNITE HERE Local 11, a labor organization that represents over 32,000 workers employed in hotels, restaurants, airports, sports arenas, and convention centers throughout Southern California and Arizona and is a member of the Los Angeles County Federation of Labor AFL-CIO. Local 11 had called upon union leaders, community leaders, and politicians throughout California to support Los Angeles hotel workers in its effort to obtain fair wages and healthcare benefits. The participants at the rally, including GST Líma, were protesting the employer's failure to treat the hotel workers with dignity and respect. The rally also protested the lack of affordable housing in the greater Los Angeles area and the difficulty working people encountered when attempting to find housing near their workplaces. Hundreds of room attendants, cooks, dishwashers and their community allies and supporters participated in the rally. The organizers coordinated with the Los Angeles Police Department ("LAPD") in advance of the rally to assure them the activities would be peaceful and nonviolent and informed them that a number of leaders would engage in traditional acts of peaceful civil disobedience in order to bring publicity to their cause. Because this could lead to arrests for the acts of peaceful civil disobedience, LAPD made arrangements ahead of time to arrest and process protesters near the site of the rally so as to expedite the process of arresting and quickly releasing those who were to be arrested.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

25.     GST Líma, who was off-duty from the LAFD at all material times, was among hundreds of supporters arrested at the rally for peacefully sitting in a roadway, including state and city legislators, other labor leaders, and members of the clergy. Those arrested included California Assemblywoman Wendy Carrillo and Los Angeles City Councilmembers Nithya Raman and Hugo Soto-Martínez. When GST Líma was arrested, he was sitting next to fellow protester Teresa Romero, the General President of the United Farm Workers of America and a recipient of the Presidential Medal of Freedom that was awarded by President Biden in 2024. The rally, and the hotel workers' plight that was the focus of the rally, received significant media coverage including segments on local television and articles in local newspapers. The arrests were peaceful and without incident. The protesters, including GST Líma, complied with all instructions of the police with respect to the arrest.

26.     As photos of the arrest (**Exhibit B**) establish, GST Líma was wearing a shirt with the IAFF logo clearly identifying him as a union leader — not clothing or any other item that could in any way identify him as a LAFD employee. At no time during the rally or arrest process did GST Líma make any statement or comment referring to or mentioning his status as an employee of the LAFD.

27.     GST Líma was released after his arrest at the scene of the rally. He was in custody for less than ten minutes. Other protesters also arrested at the scene were quickly released. After he was released, GST Líma did not return to the rally.

28.     Consistent with established LAFD protocol, GST Líma promptly reported his arrest to Assistant Fire Chief Kristina Kepner of Defendant LAFD's Professional Standards Division on June 23, 2023 — the day immediately following his arrest. He was directed to contact the Professional Standards office in the future if he was required to appear in court as a result of his arrest. Since the time of his arrest, GST Líma has never been contacted orally or in writing, directly or indirectly, from any law enforcement or prosecutorial officials and has never been directed to appear in court as a result of his arrest.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

29. GST Líma was not, and cannot be, charged with a crime related to his arrest or participation in the rally. The period of time provided under state law for charging crimes related to failure to disperse or any other crime he could conceivably be charged with has lapsed.

30. Upon information and belief, no other attendees arrested at the rally have been charged with a crime related to the rally.

31. It was not until October 30, 2023, that GST Líma was questioned about his arrest at the rally by an internal affairs investigator of Defendant LAFD's Professional Standards Division. He truthfully and accurately reported that he was arrested on June 22, 2023, while participating in a peaceful, nonviolent rally that was not related to the LAFD or his position as an employee of the LAFD. The interview lasted approximately five minutes.

32. GST Líma heard nothing further from the Defendant LAFD regarding his arrest until approximately seven months later when, on June 3, 2024, he was served with a written reprimand from Defendant LAFD concerning his arrest "for failure to disperse from a protest declared an unlawful assembly." The reprimand was signed by Defendant Paige and indicated he was the Initiating Officer. As an official of the Professional Standards Division, Defendant Paige reports to Assistant Fire Chief Kepner.

33. On June 3, 2024, GST Líma was served with the notice of discipline by Captain Silverman of LAFD's Professional Standards Division at the Frank Hotchkin Memorial Training Center, the training center for the LAFD. GST Líma was present in his LAFD Captain's uniform at the Center at the invitation of the LAFD to address newly promoted fire Captains. He shared his experience as the senior most Captain II in the LAFD. He also provided guidance and advice based on his experience in emergency and nonemergency incidents while serving as an LAFD Captain.

34. Specifically, the notice of discipline alleged GST Líma violated Section 10 of the LAFD's Rules, which requires that members of the LAFD "[f]amiliarize themselves with and be obedient to the rules, regulations, practices … and procedures of the Department." The discipline also claimed that GST Líma's activity somehow violated Section 13 of the

Case No.

Rules, which demands that all members of the LAFD "[b]e governed by the ordinary and reasonable rules of behavior observed by law-abiding and self-respecting citizens" and "[c]onduct themselves in a manner which will not tend to impair the good order and discipline of the Department."

35.     The existence of this discipline will adversely impact GST Líma's promotional opportunities within the LAFD, and therefore his earning potential, and also serve as the basis for harsher discipline to be imposed on him by the LAFD in the future, including unpaid suspensions or even discharge. Throughout his years of service with LAFD, GST Líma has been the first in his class to be promoted to higher level positions. The existence of the improperly imposed discipline will impede and adversely impact his promotional opportunities within the LAFD because discipline is a factor in promotional decisions.

36.     On June 12, 2024, GST Líma filed a grievance protesting the discipline pursuant to the provisions of the Memorandum of Understanding ("MOU") between UFLAC and Defendant LAFD. To date, the LAFD has not resolved the grievance.

37.     In his position as the second-highest elected official in IAFF, hundreds of thousands of IAFF members, including thousands of UFLAC members, view GST Líma as one of their most important leaders, advocates and union officials. The improper disciplining of such a prominent union leader sends the message to these members that they can be disciplined by their fire departments for engaging in protected speech and associational activity. The conduct of the Defendants in improperly disciplining GST Líma has and will chill the exercise of the rights of IAFF and UFLAC members protected by federal and state law.

38.     GST Líma was disciplined pursuant to an official policy, practice or custom maintained by the Defendants of disciplining LAFD employees who are arrested but not charged for their participation in a peaceful rally.

39.     The application of this official policy, practice, or custom maintained by the Defendants is unconstitutional and illegal under the United States Constitution, the California Constitution, and the California Labor Code.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

11
Case No.
COMPLAINT

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

40.    Attending rallies to support working people — including fire fighters, City employees, and employees of private organizations — in their attempts to better their working conditions is central to the purpose of IAFF and UFLAC.

41.    The discipline of GST Líma has caused other UFLAC members to raise questions and concerns about the application of this official policy, practice, or custom maintained by the Defendants to their own activities. At the June 2024 meeting of the UFLAC Executive Board, members of the Executive Board shared these concerns directly with GST Líma and conveyed their concern that they and other UFLAC members could be put at risk for exercising their own rights to engage in conduct like his — *i.e.*, speaking out about matters of public concern, participating in peaceful protests or public demonstrations, and other such conduct protected under the United States Constitution, the California Constitution, and the California Labor Code. At the meeting, UFLAC President Freddy Escobar discussed the significance of this issue with the Executive Board members and GST Líma, and the Board unanimously supported the effort to challenge the Defendants' conduct in order to protect the rights of UFLAC members.

42.    CPF President Brian Rice has discussed with GST Líma the impact of the official policy, practice, or custom maintained by the Defendants on the members of his organization who work throughout California. As the chartered state association of IAFF, the CPF's mission aligns with that of IAFF, focusing on improving the lives and working conditions of career fire fighters, including areas such as workplace safety and health, pensions, survivor benefits, and training. Among other things, President Rice conveyed that the Defendants' actions undermine the protections afforded California's 35,000 professional fire fighters under the California Constitution and the California Labor Code, as Defendants' policy, practice and custom would leave fire fighters subject to potential discipline for speaking out about matters of public concern or engaging in peaceful protests and public demonstrations.

43.    Similar to the questions and concerns raised by UFLAC members and officials and CPF President Rice, GST Líma has received questions and concerns from IAFF national

Case No.
COMPLAINT

officials, and his discipline was an issue of discussion and concern at IAFF's June 2024 Executive Board meeting in Boston, Massachusetts, attended by all IAFF officers and a number of IAFF members. IAFF General President Edward Kelly and other Executive Board members expressed the concern that the application of this official policy, practice, or custom maintained by the Defendants sends the message to members across the United States and Canada that even the second-highest elected official in IAFF can disciplined for exercising rights protected under law. In addition, 14th District Vice President Danny Todd, the duly elected District Vice President representing IAFF members in Alabama, Arkansas, Louisiana, Mississippi, and Tennessee, and 12th District Vice President Walter Dix, the duly elected District Vice President representing IAFF members in Florida, Georgia, North Carolina, South Carolina, Puerto Rico, and the Caribbean Islands, expressed concern that members in their geographic areas in particular — areas generally without provisions enabling public collective bargaining — would be reluctant to engage in union and other protected activities because GST Líma, the second-highest elected official in IAFF, could be subjected to improper discipline for exercising rights protected under law.

44.     Defendants' retaliation against and improper disciplining of GST Líma is not only an injury to Líma, but an injury to all IAFF and UFLAC members.

## STATEMENT OF CLAIMS

## COUNT I

42 U.S.C. § 1983 — Violation of Plaintiff's Rights to Free Speech

Pursuant to the First and Fourteenth Amendments to the United States

Constitution

(GST Líma v. all Defendants)

45.     GST Líma incorporates by reference the allegations in Paragraphs 1 through 44, as if fully set forth herein.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

46. GST Líma's right to speak freely about matters of public concern is protected by the First and Fourteenth Amendments to the United States Constitution. Public and private citizens have a vital interest in free and open discussion on issues of public interest and importance.

47. It is a violation of the First and Fourteenth Amendments to the United States Constitution for public employers, including Defendants, to discriminate against or discipline employees in retaliation for engaging as a private citizen in speech about matters of public interest and concern.

48. GST Líma attended the rally on June 22, 2023, to support striking hotel workers while off-duty in his capacity as a union officer, union member, labor leader and private citizen. GST Líma is a prominent public spokesperson and advocate for the labor community and the interests of the working middle class in Los Angeles, California, and across the United States. The issues raised by the rally are matters of public interest and concern, and GST Líma's right to engage in speech about such issues and participate in protest activity and demonstrations about such issues is protected by the First and Fourteenth Amendments to the United States Constitution.

49. By serving the improper discipline on June 3, 2024, Defendants, acting individually and/or jointly, discriminated against and disciplined GST Líma for speaking publicly about matters of public interest and concern and attending and participating in the June 22, 2023, rally. In so doing, Defendants discriminated against and disciplined GST Líma in retaliation for engaging in activity protected by the First and Fourteenth Amendments' guarantee of the right of free speech.

50. Such conduct by Defendants was done in a knowing, willful, wanton, reckless, and bad faith manner, which violates clearly established constitutional provisions and rights that a reasonable person would have known.

51. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, GST Líma has suffered, and continues to suffer, injuries and irreparable harm.

Case No.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

52. Under 42 U.S.C. § 1983, "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Thus, Defendants are fully liable to GST Líma for his injuries resulting from their retaliation in violation of the First and Fourteenth Amendments.

53. Defendants are also liable for GST Líma's reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b).

## COUNT II

42 U.S.C. § 1983 — Violation of Plaintiffs' Right to Free Speech

Pursuant to the First and Fourteenth Amendments to the United States

Constitution

(IAFF and UFLAC v. all Defendants)

54. IAFF and UFLAC incorporate by reference the allegations in Paragraphs 1 through 44, as if fully set forth herein.

55. IAFF members' and UFLAC members' right to speak freely about matters of public concern is protected by the First and Fourteenth Amendments to the United States Constitution. Public and private citizens have a vital interest in free and open discussion on issues of public interest and importance.

56. It is a violation of the First and Fourteenth Amendment of the United States Constitution for public employers, including Defendants, to discriminate against or discipline employees in retaliation for engaging as a private citizen in speech about matters of public interest and concern.

57. GST Líma attended the rally on June 22, 2023, to support striking hotel workers while off-duty in his capacity as an IAFF officer, UFLAC member, labor leader and

private citizen. The issues raised by the rally are matters of public interest and concern, and GST Líma's right to engage in speech about such issues and participate in protest activity and demonstrations about such issues is protected by the First and Fourteenth Amendments to the United States Constitution.

58.    The improper discipline served on June 3, 2024, has caused concern among UFLAC and IAFF members about the exercise of their right to engage in speech about matters of public interest and concern as private citizens. These concerns have been conveyed to the leadership of IAFF and UFLAC. Consequently, Defendants, acting individually and/or jointly, have chilled the exercise of rights protected by the First and Fourteenth Amendments to the United States Constitution.

59.    Such conduct by Defendants was done in a knowing, willful, wanton, reckless, and bad faith manner, which violates clearly established constitutional provisions and rights that a reasonable person would have known.

60.    As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, the members of IAFF and UFLAC have suffered, and continue to suffer, injuries and irreparable harm.

61.    IAFF and UFLAC members would have standing to sue for this violation in their own right because their constitutional right to free speech has been chilled and threatened.

62.    As labor unions, engaging in protected First Amendment activities such as attending rallies to support working people and improve their working conditions is central to the purpose of IAFF and UFLAC. Thus, IAFF's and UFLAC's interests in eliminating and redressing Defendant's conduct which restrains members' First and Fourteenth Amendment rights to participate in rallies and other protected First Amendment activities to support working people are germane to these organizations' purpose.

63.    Defendants' conduct complained of herein infringes upon all IAFF and UFLAC members' First and Fourteenth Amendment rights in an identical manner, and all

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

IAFF and UFLAC members therefore have an identical right to redress such a violation of their First and Fourteenth Amendment rights.

64. Under 42 U.S.C. § 1983, "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Thus, Defendants are fully liable to IAFF and UFLAC for their injuries resulting from violation of the First and Fourteenth Amendments.

65. Defendants are also liable for IAFF's and UFLAC's reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b).

## COUNT III

42 U.S.C. § 1983 — Violation of Plaintiff's Right to Freedom of Association

Pursuant to the First and Fourteenth Amendments to the United States

Constitution

(GST Líma v. all Defendants)

66. GST Líma incorporates by reference the allegations in Paragraphs 1 through 44, as if fully set forth herein.

67. GST Líma's right to freely associate with a labor organization is protected by the First and Fourteenth Amendments of the United States Constitution. Specifically, the First and Fourteenth Amendments protect the right of a public employee to engage in union activity, including attending a rally with other union leaders and engaging in concerted union activities. The public has a vital interest in such free association.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

17

COMPLAINT

Case No.

68. GST Líma attended the rally on June 22, 2023, to support striking hotel workers while off-duty in his capacity as a union officer, union member, labor leader and private citizen. The issues raised by the rally are matters of public interest and concern, and GST Líma's right to associate with others and participate in protest activity and demonstrations about such issues is protected by the First and Fourteenth Amendments to the United States Constitution.

69. By serving the improper discipline on June 3, 2024, Defendants, acting individually and/or jointly, retaliated against and disciplined GST Líma for engaging in protected associational activity — namely, his attendance at and participation in the union rally on June 22, 2023. In so doing, Defendants discriminated against and disciplined GST Líma in retaliation for engaging in activity protected by the First and Fourteenth Amendments' guarantee of the right of association.

70. Such conduct by Defendants was done in a knowing, willful, wanton, reckless, and bad faith manner, which violates clearly established constitutional provisions and rights that a reasonable person would have known.

71. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, GST Líma has suffered, and continues to suffer, injuries and irreparable harm.

72. Under 42 U.S.C. § 1983, "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Thus, Defendants are liable to GST Líma for his injuries resulting from Defendants' retaliation and discipline in violation of the First and Fourteenth Amendments.

73. Defendants are also liable for GST Líma's reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b).

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

## COUNT IV

42 U.S.C. § 1983 — Violation of Plaintiffs' Right to Freedom of Association

Pursuant to the First and Fourteenth Amendments to the United States

Constitution

(IAFF and UFLAC v. all Defendants)

74.     IAFF and UFLAC incorporate by reference the allegations in Paragraphs 1 through 44, as if fully set forth herein.

75.     IAFF members' and UFLAC members' right to freely associate is protected by the First and Fourteenth Amendments of the United States Constitution. The public has a vital interest in such free association.

76.     It is a violation of the First and Fourteenth Amendments of the United States Constitution for public employers, including Defendants, to discriminate against, discipline, or discharge employees for exercising their rights to free association.

77.     At all relevant times, GST Líma was an officer of IAFF, a labor organization to which approximately 350,000 fire fighters, including approximately 3,600 employed by Defendant City, belong, and a UFLAC member. GST Líma regularly participated in the activities of these labor organizations and acted as a spokesperson for their members on matters of public interest and concern, including fire fighter compensation and fire fighter safety.

78.     At all relevant times, Defendants were aware of GST Líma's association with IAFF and UFLAC because GST Líma regularly participated in the activities of these labor organizations and acted as a spokesperson for their members on matters of public interest and concern, including fire fighter compensation and fire fighter safety.

79.     By serving the improper discipline on June 3, 2024, Defendants, acting individually and/or jointly, chill the free association of IAFF and UFLAC members, among other organizations, and intimidate other fire personnel and community members from

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

Case No.

similarly associating with or actively participating in protected union associational activities for fear of being disciplined for participating in constitutionally protected activities.

80. Such conduct by Defendants was done in a knowing, willful, wanton, reckless, and bad faith manner, which violates clearly established constitutional provisions and rights that a reasonable person would have known.

81. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, IAFF and UFLAC members have suffered irreparable harm.

82. IAFF and UFLAC members would have standing to sue for this violation in their own right because their constitutional right to free association has been chilled and threatened.

83. As labor unions, the central purpose of IAFF and UFLAC is to bring working people together to improve their working conditions and fight injustice. Thus, IAFF's and UFLAC's interests in eliminating and redressing Defendants' conduct which restrains members' First and Fourteenth Amendment rights to so associate with IAFF and UFLAC and engage in union activities are germane to these organizations' purpose.

84. Defendants' conduct complained of herein infringes upon all IAFF and UFLAC members' First and Fourteenth Amendment rights in an identical manner, and all IAFF and UFLAC members therefore have an identical right to redress such a violation of their First and Fourteenth Amendment rights.

85. Under 42 U.S.C. § 1983, "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Thus, Defendants are fully liable to IAFF and UFLAC members for their injuries resulting from Defendants' retaliation and discipline of GST Líma in violation of the First and Fourteenth Amendment.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

20
COMPLAINT

Case No.

86.     Defendants are also liable for IAFF's reasonable attorneys' fees, UFLAC's reasonable attorneys' fees, and these organizations' costs pursuant to 42 U.S.C. § 1988(b).

## COUNT V

Violation of Plaintiff's Right to Freedom of Speech

Pursuant to Article I of the California Constitution

(GST Líma v. all Defendants)

87.     GST Líma incorporates by reference the allegations in Paragraphs 1 through 44, as if fully set forth herein.

88.     GST Líma's right to attend a rally with other union leaders and/or to engage in protected union activity is protected by the California Constitution. CAL. CONST. art. I, § 2.

89.     GST Líma's right to speak freely about matters of public interest and concern is protected by the California Constitution. The public has a vital interest in free and open discussion on issues of public interest and importance.

90.     It is a violation of the California Constitution for public employers, including Defendants, to discriminate against or discipline employees in retaliation for engaging as a private citizen in speech about matters of public concern.

91.     GST Líma attended the rally to support striking hotel workers while off-duty in his capacity as a union officer, labor leader, union member, and private citizen. The issues protested by the rally participants are matters of public interest and concern, and GST Líma's right to speak on such issues, and engage in demonstrations and protest activities over such issues, is protected by the California Constitution.

92.     By service of the improper discipline on June 3, 2024, Defendants, acting individually and/or jointly, discriminated against and disciplined GST Líma for speaking publicly about matters of public interest and concern. In so doing, Defendants discriminated

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

21

COMPLAINT

Case No.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

against and disciplined GST Líma in retaliation for engaging in activity protected by the California Constitution's guarantee of the right of speech.

93. Such conduct by Defendants was done in a knowing, willful, wanton, reckless, and bad faith manner, which violates clearly established constitutional provisions and rights that a reasonable person would have known.

94. Plaintiffs seek only declaratory and injunctive relief under this Count.

## COUNT VI

Violation of Plaintiffs' Right to Freedom of Speech

Pursuant to Article I of the California Constitution

(IAFF and UFLAC v. all Defendants)

95. IAFF and UFLAC incorporate by reference the allegations in Paragraphs 1 through 44, as if fully set forth herein.

96. The right of GST Líma, an IAFF officer and UFLAC member, to attend a rally with other union leaders and/or to engage in protected union activity is protected by the California Constitution. CAL. CONST. art. I, § 2.

97. The right of GST Líma, an IAFF officer and UFLAC member, to speak freely about matters of public interest and concern is protected by the California Constitution. The public has a vital interest in free and open discussion on issues of public interest and importance.

98. It is a violation of the California Constitution for public employers, including Defendants, to discriminate against or discipline employees in retaliation for engaging as a private citizen in speech about matters of public concern.

99. GST Líma, an IAFF officer and UFLAC member, attended the rally to support striking hotel workers while off-duty in his capacity as a union officer, labor leader, union member, and private citizen. The issues protested by the rally participants are matters of public interest and concern, and GST Líma's right to speak on such issues, and engage in

22

demonstrations and protest activities over such issues, is protected by the California Constitution.

100. The improper discipline served on June 3, 2024, has caused concern among UFLAC and IAFF members about the exercise of their right to engage in speech about matters of public interest and concern as private citizens. These concerns have been conveyed to the leadership of IAFF and UFLAC. Consequently, Defendants, acting individually and/or jointly, have chilled the exercise of rights protected by the California Constitution.

101. Such conduct by Defendants was done in a knowing, willful, wanton, reckless, and bad faith manner, which violates clearly established constitutional provisions and rights that a reasonable person would have known.

102. By serving the improper discipline on June 3, 2024, Defendants, acting individually and/or jointly, discriminated against and disciplined GST Líma, an IAFF officer and UFLAC member, for speaking publicly about matters of public interest and concern. In so doing, Defendants' discipline of a member of IAFF and UFLAC for engaging in activity protected by the California Constitution's guarantee of the right of speech chills all IAFF and UFLAC members from engaging in similar protected speech activities.

103. IAFF and UFLAC members would have standing to sue for this violation in their own right because their right to free speech under the California Constitution has been chilled and threatened.

104. As labor unions, engaging in protected activities such as attending rallies to support working people and improve their working conditions is central to the purpose of IAFF and UFLAC. Thus, IAFF's and UFLAC's interests in eliminating and redressing Defendant's conduct which restrains members' rights under the California Constitution to participate in rallies and other protected activities to support working people are germane to these organizations' purpose.

105. Defendants' conduct complained of herein infringes upon all IAFF and UFLAC members' rights under the California Constitution an identical manner, and all IAFF

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

23

COMPLAINT

Case No.

and UFLAC members therefore have an identical right to redress such a violation of their rights under the California Constitution.

106.    Plaintiffs seek only declaratory and injunctive relief under this Count.

## COUNT VII

Violation of Plaintiff's Right to Freedom of Assembly

Pursuant to Article I of the California Constitution

(GST Líma v. all Defendants)

107.    GST Líma incorporates by reference the allegations in Paragraphs 1 through 44, as if fully set forth herein.

108.    GST Líma's right to attend a rally with other union leaders is protected by the California Constitution. CAL. CONST. art. I, § 3.

109.    It is a violation of the California Constitution for public employers, including Defendants, to discriminate against or discipline employees in retaliation for attending a rally.

110.    GST Líma attended the rally on June 22, 2023, to support striking hotel workers while off-duty in his capacity as a union officer, labor leader, union member, and private citizen. The issues raised by the rally are matters of public interest and concern, and GST Líma's right to associate with others and participate in protest activity and demonstrations about such issues is protected by the California Constitution.

111.    At all relevant times, Defendants were aware of GST Líma's association with labor organizations, because GST Líma regularly participated in the activities of labor organizations and acted as a spokesperson for their members on matters of public interest and concern, including fire fighter compensation and fire fighter safety, as well as the advancement of labor and employee rights generally.

112.    By issuing the improper discipline on June 3, 2024, Defendants, acting individually and/or jointly, discriminated against and disciplined GST Líma for exercising

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

24

COMPLAINT

Case No.

his right to free assembly. In so doing, Defendants discriminated against and disciplined GST Líma in retaliation for engaging in activity protected by the California Constitution's guarantee of the right to free assembly.

113.   By so doing, Defendants unlawfully chilled GST Líma from engaging in associational activities including, but not limited to, attending public and labor rallies.

114.   Such conduct by Defendants was done in a knowing, willful, wanton, reckless, and bad faith manner, which violates clearly established constitutional provisions and rights that a reasonable person would have known.

115.   Plaintiffs seek only declaratory and injunctive relief under this Count.

## **COUNT VIII**

Violation of Plaintiffs' Right to Freedom of Assembly

Pursuant to Article I of the California Constitution

(IAFF and UFLAC v. all Defendants)

116.   IAFF and UFLAC incorporate by reference the allegations in Paragraphs 1 through 44, as if fully set forth herein.

117.   The right of GST Líma, an IAFF officer and UFLAC member, to attend a rally with other union leaders is protected by the California Constitution. CAL. CONST. art. I, § 3. The public has a vital interest in such free association.

118.   It is a violation of the California Constitution for public employers, including Defendants, to discriminate against or discipline employees in retaliation for attending a rally and exercising their rights to free association.

119.   At all relevant times, GST Líma was an officer of IAFF, a labor organization to which approximately 350,000 fire fighters, including approximately 3,600 employed by Defendant City, belong, and a UFLAC member. GST Líma regularly participated in the activities of these labor organizations and acted as a spokesperson for their members on

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

25
COMPLAINT

Case No.

matters of public interest and concern, including fire fighter compensation and fire fighter safety.

120.    At all relevant times, Defendants were aware of GST Líma's association with IAFF and UFLAC because GST Líma regularly participated in the activities of these labor organizations and acted as a spokesperson for their members on matters of public interest and concern, including fire fighter compensation and fire fighter safety.

121.    By serving the improper discipline on June 3, 2024, Defendants, acting individually and/or jointly, chill the free association of IAFF and UFLAC members, among other organizations, and intimidate other fire personnel and community members from similarly associating with or actively participating in protected union associational activities for fear of being disciplined for participating in constitutionally protected activities. Such conduct by Defendants was done in a knowing, willful, wanton, reckless, and bad faith manner, which violates clearly established constitutional provisions and rights that a reasonable person would have known.

122.    IAFF and UFLAC members would have standing to sue for this violation in their own right because their right to free association under the California Constitution has been chilled and threatened.

123.    As labor unions, the central purpose of IAFF and UFLAC is to bring working people together to improve their working conditions and fight injustice. Thus, IAFF's and UFLAC's interests in eliminating and redressing Defendant's conduct which restrains members' rights under the California Constitution to so associate with IAFF and UFLAC and engage in union activities are germane to these organizations' purpose.

124.    Defendants' conduct complained of herein infringes upon all IAFF and UFLAC members' rights under the California Constitution in an identical manner, and all IAFF and UFLAC members therefore have an identical right to redress such a violation of their rights under the California Constitution.

125.    Plaintiffs seek only declaratory and injunctive relief under this Count.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

26

COMPLAINT

Case No.

## COUNT IX

Violation of Plaintiff's Rights

Pursuant to the California Labor Code

(GST Líma v. all Defendants)

126. GST Líma incorporates by reference the allegations in Paragraphs 1 through 44, as if fully set forth herein.

127. State law prevents employers, including public agencies, from considering any arrest that did not result in conviction as "a factor in determining any condition of employment," including discipline and promotion. CAL. LAB. CODE § 432.7(a); *Pitman v. City of Oakland*, 243 Cal. Rptr. 306, 309 (Ct. App. 1st Dist. 1988) (finding information about a public employee's "mere arrest" cannot be used for disciplinary purposes); *Sahakyan v. City of Los Angeles*, No. B308113, 2023 BL 1456, at *8 (Cal. Ct. App. 2d Dist. Jan. 4, 2023) (dismissal of public employee impermissible "merely on the fact of the arrest itself").

128. GST Líma has not been charged with a crime related to his arrest or participation in rally on June 22, 2023.

129. GST Líma *cannot* be charged with a crime related to his arrest or participation in the rally, as the statute of limitations on charging crimes related to failure to disperse or any other crime he could conceivably be charged with has lapsed.

130. By issuing the discipline on May 20, 2024, and disciplining GST Líma for a mere arrest that cannot result in a criminal conviction, Defendants violated the California Labor Code.

131. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, GST Líma has suffered, and continues to suffer, injuries and irreparable harm.

132. These actions, omissions, and decisions of Defendants are contrary to the declared public policy of the State of California and in violation of § 432.7 of the California

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

Case No.

Labor Code, and GST Líma seeks declaratory and injunctive relief preventing Defendants from violating their obligations under this statute.

133.    Plaintiffs seek only declaratory and injunctive relief under this Count.

## COUNT X

Violation of Plaintiff's Rights

Pursuant to the California Firefighters Procedural Bill of Rights

(GST Líma v. all Defendants)

134.    GST Líma incorporates by reference the allegations in Paragraphs 1 through 44, as if fully set forth herein.

135.    The California Firefighters Procedural Bill of Rights assures the right of off-duty fire fighters to engage in political activity. CAL. GOV'T CODE § 3252(a).

136.    By serving the discipline on GST Líma on June 3, 2024, and disciplining GST Líma for political activity that he engaged in while off-duty, Defendants denied his right to engage in political activity in violation of California Firefighters Procedural Bill of Rights. CAL. GOV'T CODE § 3252(a).

137.     As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, GST Líma has suffered, and continues to suffer, injuries and irreparable harm.

138.    These actions, omissions, and decisions of Defendants are contrary to the declared public policy of the State of California and in violation of § 3252(a) of the California Government Code, and GST Líma seeks declaratory and injunctive relief preventing Defendants from violating their obligations under this statute.

139.    Plaintiffs seek only declaratory and injunctive relief under this Count.

## REQUESTS FOR RELIEF

Accordingly, Plaintiffs request that this Court enter judgment on their behalf and enter an order directing the award of other relief, as follows:

28

COMPLAINT

Case No.

A.     Declaring that Defendants unlawfully violated Plaintiffs' rights and privileges secured by the First and Fourteenth Amendments to the United States Constitution;

B.     Declaring that Defendants unlawfully violated Plaintiffs' rights and privileges secured by Article I of the California Constitution;

C.     Declaring that Defendants unlawfully violated GST Líma's rights under California law;

D.     Entering preliminary and permanent injunctions restraining and preventing Defendants from interfering with and infringing upon Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution, Article I of the California Constitution, and California law; and from otherwise ignoring Defendant's obligations under the United States Constitution, California Constitution, and California law with respect to Plaintiffs and all other persons similarly situated;

E.     Ordering Defendants to rescind the retaliatory, discriminatory, and otherwise unlawful discipline they issued GST Líma;

F.     Awarding GST Líma compensatory damages for injuries to redress violations of the United States Constitution;

G.     Awarding Plaintiffs punitive damages to redress the knowing, willful, wanton, reckless, and bad faith nature of Defendants' violation of his United States Constitutional rights;

H.     Awarding Plaintiffs costs and attorneys' fees pursuant to 42 U.S.C. § 1988 or any applicable statute or authority;

I.     Awarding Plaintiffs any other relief to which they are entitled and/or which this Court deems necessary and proper.

/ / /
/ / /
/ / /
/ / /
/ / /

A jury trial is demanded for all claims triable by jury.

Respectfully submitted,

DATED: July 29, 2024      JOHN R. MOONEY
(*Motion for Admission Pro Hac Vice to Follow*)
PETER J. LEFF
(*Motion for Admission Pro Hac Vice to Follow*)
MATTHEW WATTS
(*Motion for Admission Pro Hac Vice to Follow*)
MOONEY, GREEN, SAINDON, MURPHY & WELCH, P.C.


By:      */s/ John R. Mooney*
     JOHN R. MOONEY
Attorneys for Frank Líma, International Association of Firefighters and United Firefighters of Los Angeles City, IAFF Local 112

DATED: July 29, 2024      DANA S. MARTINEZ
BUSH GOTTLIEB, A Law Corporation


By:      */s/ Dana S. Martinez*
     DANA S. MARTINEZ
Attorneys for Frank Líma, International Association of Firefighters and United Firefighters of Los Angeles City, IAFF Local 112

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

# Exhibit A

F-1105 (4/21)

**CITY OF LOS ANGELES**
**DEPARTMENT OF FIRE**

**Distribution:**
Part 1 – Member
Part 2 – Professional Standards Division
Part 3 – Personnel Services Section

**REPRIMAND**

MEMBER'S EID:

35181

DTS NUMBER:

23-0295-01

DATE:

May 20, 2024

| NAME: | RANK: | ASSIGNMENT: |
|---|---|---|
| Franklin V. Lima | Captain II | Fire Chiefs Office |

You are hereby issued this F-1105/Reprimand for the following violations of the Department Rules and Regulations:

Los Angeles City Fire Department Rules and Regulations:

Section 10    All members shall:
      f.   Familiarize themselves with and be obedient to the rules, regulations, practices and practices and procedures of the Department.

Section 13    All members shall:
      a.   Be governed by the ordinary and reasonable rules of behavior observed by law-abiding and self-respecting citizens.
      d.   Conduct themselves in a manner which will not tend to impair the good order and discipline of the Department.

In that you, Franklin V. Lima, did, on June 22, 2023, violate Los Angeles City Fire Department rules, regulations, practices, and procedures when you were arrested by the Los Angeles Police Department for failure to disperse from a protest declared an unlawful assembly.

Based on the October 28, 2016, Letter of Agreement entered at the time of the new Memorandum of Understanding (MOU), which provides for an administrative appeal for Reprimands under the grievance process outlined in Article 2 of the MOU, you can invoke the grievance process should you decide to Not Concur with the Reprimand. The procedures for instituting a grievance under Article 2 are enumerated in Section III of Article 2.1 - Grievance Procedures. There are strict timelines for pursuing a grievance should you determine not to concur with the reprimand.

INITIATING OFFICER'S SIGNATURE:

Roy A. Paige, Battalion Chief
Professional Standards Division

TRANSMITTING OFFICERS' SIGNATURES:

BUREAU COMMANDER'S SIGNATURE:

I concur with this reprimand:
Yes ☐    No ☑

MEMBER'S SIGNATURE:
Fnk V. Lima

DATE:
6-3-24

# Exhibit B

 unitehere11









